UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

---

KNAPE & VOGT MANUFACTURING COMPANY, a Michigan Corporation,

    Plaintiff,

v.

PRIDE INDUSTRIAL, LLC, a limited liability company, and
JOSEPH HUBBOUCH, individually,

    Defendants.

Case No. 19-_____ -

Hon.

---

Nathan R. VanRyn (P70217)
Attorney for Plaintiff
KNAPE & VOGT MANUFACTURING CO.
2700 OAK INDUSTRIAL DRIVE
GRAND RAPIDS, MI 49505
(616) 258 – 5256
NATHAN.VANRYN@KV.COM

**COMPLAINT**

Plaintiff, Knape & Vogt Manufacturing Company ("KV"), for its complaint against Defendants, Pride Industrial, LLC. ("Pride Industrial") and Joseph Habbouch ("Mr. Habbouch"), states the following:

**JURISDICTION AND VENUE**

1.    This is an action for false designations of origin under 15. U.S.C. § 1125(a); and for unfair competition and unjust enrichment under Michigan common law.

2.    This court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. 1121(a) and 28 U.S.C. §§1331 and 1338, and supplemental jurisdiction over

the claims arising under Michigan law pursuant to 28 U.S.C. § 1367 because the state law claims are sufficiently related to the federal claims that they form part of the same case or controversy.

3. The Court also has diversity jurisdiction over this dispute, as set forth below, based on diversity of citizenship under 28 § 1332 because both defendants are citizens for purposes of diversity of the State of California. Although Plaintiff has not been able to calculate its damages with absolute precision, upon information and belief, the damages exceed $75,000.

4. This court has both general and specific personal jurisdiction over Defendants because the Defendants have participated in commerce within the State of Michigan. Defendants have purposefully availed themselves of the privilege of acting in this State. In addition, this action arises from Defendant's tortious activity which has caused damaged within the State of Michigan. Plaintiff has been harmed and continues to be harmed in the State of Michigan from Defendant's actions. Defendants, upon information and belief sell products on their website, which avail themselves of this forum and the markets in the State of Michigan.

5. This district is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) and (c). On information and belief, Defendants have transacted business in this district.

6. KV is a corporation organized under the laws of the State of Michigan and doing business in, among other places, Kent County, Michigan. KV sells, among other things, various office ergonomic products, including without limitation, keyboard trays, monitor arms, articulating arms, tire racks, garage storage units, and other office

ergonomics products. For purposes of diversity jurisdiction, KV is a citizen of the State of Michigan.

7. Pride Industrial is a limited liability company operating in Chino Hills, California, but doing business throughout the United States, including Michigan.

8. Joseph Habbouch is, upon information and belief, the sole owner of Pride Industrial and directs all of its actions, including the violations leading to this complaint and resides in or around Chino Hills, California.

## BACKGROUND FACTS

9. KV was established in 1898 and has continuously operated since that time.

10. KV currently employs about 600 people in the Grand Rapids, Michigan area and about 1,000 worldwide. It makes metal drawer slides and other components used in the furniture industry and is one of the last few metal drawer slide manufacturers remaining in the United States as most production has moved to Taiwan and China.

11. KV has continuously and exclusively used its 8000 and 8800 series designation in association with the sale of its undermount sliding systems since the early 1990's. It has spent substantial resources to promote its products and the quality associated with them.

12. Attached as **Exhibit A** are installation instructions and specifications related to KV's 8000 and 8800 series undermount slide.

13. Attached hereto as **Exhibit B** is a print out from Pride Industrial's website as of December 9, 2019, showing for sale an undermount slide using the designation 8000 and 8800, the identical designation used by KV for decades.

14.     An infinite number of different numerical designations are available for use when referencing a product. Therefore, upon information and belief, Pride Industrial's decision to exactly copy KV's 8000 and 8800 designations for Pride Industrial's imported undermount slides, the same type of slide sold by KV, suggests an attempt to confuse consumers and create a false sense of origin or endorsement by KV. KV's decision to use the 8000 and 8800 designation is arbitrary in that it does not describe the dimensions or any other aspect of the product.

15.     In February of 2019, KV's CEO contacted Defendants by telephone to voice concerns about the Defendants' unauthorized use of KV's 8000 and 8800 designations.

16.     On March 26, 2019, KV's legal counsel sent Defendants a written letter more formally voicing KV's concern over Defendants' use of KV's 8000 and 8800 designations. A true copy of that correspondence is attached hereto as **Exhibit C**.

17.     Defendants continue to utilize the 8000 and 8800 designations, after being notified that doing so violates KV's intellectual property rights, and therefore such violation is willfully made by Defendants.

18.     Several years ago Defendants utilized intellectual property belonging to KV in the market place in an attempt to unlawfully and unfairly compete with KV, suggesting that they did so in this instance with full knowledge that their actions were wrongful.

19.     Attached as **Exhibit D** is a correspondence dated December 13, 2013 from Defendants' legal counsel in which counsel explains "this is not a case of intentional or willful misconduct . . . Pride was shocked to receive your letter. It never dreamed that a

4

company could have a protectable interest in a *generic number*." [Emphasis Supplied – Pages 1 and 3 of the correspondence are attached hereto as **Exhibit D**. Page 2 is omitted because it contains a settlement proposal that the parties may consider confidential].

20. The previous dispute involved different products and was settled on confidential terms.

21. The existence of the earlier dispute demonstrates that Pride Industrial was at the very latest aware by 2013 that numerical product designations can create protectable intellectual property interests.

22. Notwithstanding the knowledge established by the previous dispute, Pride Industrial intentionally violated KV's intellectual property interest and willfully continues to do so, even after being specifically notified of the violation in March of 2019.

23. Pride Industrial's use of the series 8000 and 8800 designation is intentional and willful and has harmed KV.

### COUNT I
### LAHNAM ACT -- FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. 1125)(a)(1)

24. KV incorporates all previous allegations as if restated herein.

25. KV has continuously and exclusively used its 8000 and 8800 series designation in association with the sale of its sliding systems since the early 1990's. It has spent substantial resources to promote its products and the quality associated with them.

26. KV's designation is arbitrary in that the numerical designation could apply to any category of products.

27. Alternatively, its has acquired a secondary meaning through its longstanding use in commerce.

28. Defendants' use and continue to use, without authorization, KV's common law trademarks in the sale of its competing undermount sliding systems, in direct competition with KV.

29. Defendants' unauthorized use in commerce of KV's trademarks is likely to cause confusion, to cause mistake, or to deceive the relevant public that products and services offered for sale by Defendants are authorized by, connected to, or affiliated with KV, or as to the origin, sponsorship, or approval of Defendants' products by KV.

30. The above-described acts of Defendants constitute use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion; to cause mistake; or to mislead as to the affiliation, connection, of association of Defendants or their goods and services with KV and the goods and services sold under the trademarks of KV in violation of 15 U.S.C. § 1125(a).

31. Defendants did not have KV's consent to use KV's marks.

32. Defendants' unauthorized use of KV's mark has resulted in Defendant unfairly benefitting from KV's advertising and promotion, and profiting from the reputation of KV's mark, to the substantial and irreparable injury of the public, KV, and the substantial goodwill associated with its mark. Unless such conduct is enjoined, it will continue and KV will continue to suffer substantial irreparable injury.

33. KV has suffered monetary damages and a loss of goodwill associated with its marks.

34. Defendants' use of the KV's marks constitutes false designation of origin

in violation of 15 U.S.C. § 1125(a).

35. As Defendants have previously illegally used KV's marks and agreed to stop, Defendants' repeated use of KV's marks, is therefore believed to be intentional.

36. KV is entitled to recover up to three times Defendants' profits, any damages sustained by KV, and the costs of the action consistent with 15 U.S.C. §1117 because this is an exceptions case. Specifically, Defendants have previously been warned to stop and took similar action a few years later, indicating their actions were intentional.

37. 15 U.S.C. § 1125(a) provides in applicable part:

**(a) Civil action.**

**(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 USC § 1125(a)(1).

38. Defendants' actions violate the above section for the reasons alleged above.

39. Defendants' violations have caused KV damage.

### COUNT II
### UNFAIR COMPETITION
### (M.C.L. 445.903)

40. Plaintiff incorporates all previous allegations as if restated herein.

41. Defendant's conduct, including its unauthorized use of the 8000 and 8800 series and related marketing and other commercial efforts, causes a probability of confusion or misunderstanding as to the source, sponsorship, or approval of goods or services, in violation of the Michigan Consumer Protection Act, Michigan Compiled Laws section 445.903.

42. Defendants' conduct is unlawful, unfair and/or fraudulent.

43. As a result of this unfair competition, Plaintiff has suffered and will in the future suffer damages in an amount to be determined at trial.

44. As a direct and proximate result of this unfair competition, Plaintiff has suffered, and will in the future suffer, irreparable injury to their business, reputation and goodwill. Plaintiff will continue to suffer such irreparable injury unless and until Defendants' misconduct is enjoined by the Court.

### COUNT III
### UNJUST ENRICHMENT

45. KV realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

46. The above-described acts constitute unjust enrichment of Defendants at KV's expense, in violation of the common law of the State of Michigan.

47. In particular, Defendants have benefited from KV's reputation, developed over years of business in the marketplace along with extensive amounts paid on

advertising and marketing, by the identical name, i.e. Series 8000 and 8800, as KV, for its sliding products, creating the impression that KV is affiliated with Defendants.

48. Allowing Defendants to retain that benefit would result in inequity to KV.

49. As a result, KV is entitled to the amount by which it has been harmed or Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. A judgment enjoining Defendants, and all of their agents, representatives, affiliates and partners, preliminarily and permanently, from marketing, offering for sales, and selling any and all merchandise in that causes a likelihood of confusion in the marketplace;

B. A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff, within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

C. A judgment that Defendants each account for and disgorge to Plaintiff all of the profits realized by Defendants, and others acting in concert or participating with Defendants, resulting from Defendants' acts of infringement, designation of origin and unfair competition;

D. A judgment awarding compensatory damages, plus interest, in an amount to be determined;

E. A judgment that Plaintiffs be awarded three times Defendants' profits from

their violation of Plaintiff's rights, or three times Plaintiff's damages, whichever is greater, together with Plaintiff's reasonable attorneys' fees;

F. A judgment that Plaintiffs recover the cost of this action plus interest; and

G. A judgment that Plaintiffs be granted such other and further relief as the Court deems just and proper.

Date:  December 16, 2019               Respectfully submitted:

                                                      By:  __/s/ Nathan R VanRyn_____
                                                          Nathan R. VanRyn (P70217)
                                                          Attorney for Plaintiff